IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Pleas Griffin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:17-cv-1169 |
| | ) |
| St. Clair County, Illinois; the St. Clair County Sheriff's Department; and, Richard Watson, in his Individual Capacity, | ) JURY TRIAL DEMANDED ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### I. Jurisdiction and Venue

1. This court has jurisdiction based on 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1337 (commerce) as this is an action under the Age Discrimination in Employment Act, 29 U.S.C. 621, et seq. (ADEA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1983.

2. Venue is proper in the Southern District of Illinois.

### II. Parties

3. Plaintiff Pleas Griffin is a citizen of the State of Illinois and a former employee of defendants St. Clair County, Illinois (County) working in the St. Clair County Sheriff's Department (Sheriff's Dep't) for Sheriff Richard Watson.

4. The County is a governmental organization formed under the laws of the State of Illinois and which administers the Sheriff's Department.

5. The County is involved in personnel decisions for the Sheriff's Dep't., includ-

ing with regard to Griffin's continued employment and discharge.

6. The County's Director of Human Resources, Frank Bergman, is the Director of Human Resources for the Sheriff's Dep't.

7. At all relevant times, Richard Watson served in the elected position of Sheriff of St. Clair County, Illinois. Sheriff Watson is sued in his individual capacity.

8. Sheriff Watson was a policy maker for the Sheriff's Department and had final policy-making authority with regard to the conduct alleged herein. In his individual capacity, as to the acts alleged herein, he acted under color of state law.

### III. Common Allegations

9. Griffin began working as a deputy sheriff in the Sheriff's Dep't in 1999, assigned as a bailiff in the St. Clair County Courts.

10. At all times while employed, Griffin was qualified to perform the duties of his job.

11. Griffin performed his job in at least a satisfactory manner.

12. Chief Scott Battoe was the supervisor over the bailiffs.

13. Battoe was biased against older employees as indicated in his statements such as:

    a) they needed to get some younger people;

    b) he was going to put a particular deputy in the basement because he was too old to have the job.

14. Battoe was biased against African Americans, as demonstrated by an inci-

dent in which Battoe described to a group of Caucasian attorneys having heard African American officers over the police radio. Battoe mocked the African American officers' voices and said they talked like Amos and Andy.

15. In October 2015, Chief Scott Battoe and County Human Resources Director Frank Bergman told Griffin that he was going to be laid off because of budget cuts.

16. During the meeting, Bergman asked Griffin what kind of pension he had, referring to the fact Griffin, because of his age, was eligible for a pension from another employer. Also during the meeting, Bergman said Griffin had a good pension.

17. On October 12, 2015, Sheriff Richard Watson and Bergman sent Griffin a letter in which they stated that Griffin's employment was being terminated effective October 30, 2015.

18. A true copy of Watson and Bergman's October 12, 2015 letter to Griffin is attached as Exhibit 1.

19. At the time of his lay-off, Griffin was the Sheriff Dep't's oldest full-time bailiff.

20. At the time of his lay-off, Griffin had the second longest seniority of the Sheriff Dep't bailiffs.

21. Defendants continued to employ bailiffs after discharging plaintiff.

22. Upon information and belief, defendants hired younger bailiffs after discharging plaintiff or increased the hours of younger part-time bailiffs.

23. Upon information and belief, defendants hired Caucasian bailiffs after dis-

charging plaintiff or increased the hours of Caucasian part-time bailiffs.

24. Defendant did not offer alternative positions to Griffin and did not contact Griffin regarding the availability of any other jobs.

25. Plaintiff filed a timely Charge of Discrimination with the EEOC. Exhibit 2.

26. The EEOC issued its Notice of Right September 14, 2017. Exhibit 3.

27. This Complaint was filed within 90 days after plaintiff received his EEOC Notice of Right to Sue.

28. Griffin fulfilled all conditions precedent under the ADEA and Title VII prior to filing this lawsuit and otherwise exhausted his administrative remedies.

### IV. ADEA Claim Against County and Department

29. Plaintiff incorporates Paragraphs 1 through 28 as though fully stated herein.

30. Griffin was born in 1946.

31. Defendant St. Clair County, Illinois (County) is an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 630 (b).

32. Defendant St. Clair County Sheriff's Department (Sheriff's Dep't) is an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 630 (b).

33. Defendant discharged Griffin because of his age, in violation of the ADEA, 29 U.S.C. § 623.

34. Defendant's violation of the ADEA was willful.

35. As a direct and proximate result of defendant's unlawful conduct, plaintiff

has been damaged in that he has lost wages and benefits and will suffer future pecuniary loss.

WHEREFORE, plaintiff asks for judgment in his favor and against defendants in an amount to be established at trial and for liquidated damages in an amount equal to his actual damages, as well as attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances including reinstatement or, if not appropriate, frontpay.

### V. Title VII Claim Against County and Department

36. Plaintiff incorporates Paragraphs 1 through 28 as though fully set forth herein.

37. Plaintiff is African-American.

38. Defendant St. Clair County, Illinois (County) is an employer within the meaning of Title VII, 42 U.S.C. § 2000e.

39. Defendant St. Clair County Sheriff's Department (Sheriff's Dep't) is an employer within the meaning of Title VII, 42 U.S.C. § 2000e.

40. Defendants discharged Griffin because of his race, in violation of Title VII, 42 U.S.C. § 2000e-2.

41. As a direct and proximate result of defendant's unlawful conduct, plaintiff has been damaged in that he has lost wages, benefits, and suffered inconvenience, loss of enjoyment of life, and other nonpecuniary losses associated with deprivation of civil rights and he will continue to incur such losses.

WHEREFORE, plaintiff asks for judgment in his favor and against defendants in an amount to be established at trial as well as attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances including reinstatement or, if not appropriate, frontpay.

### VI. 42 U.S.C. § 1983 Claim Against All Defendants

42. Plaintiff incorporates Paragraphs 1 through 24 above as though fully stated herein.

43. Defendants subjected plaintiff to unequal and discriminatory treatment by discharging him because of his race in violation of plaintiff's Fourteenth Amendment right to the equal protection of the laws as enforceable through 42 U.S.C. § 1983.

44. Defendants failed to provide proper training to its managers and supervisors to prevent discrimination in making employment decision, which was deliberately indifferent to the rights of the employees, such as plaintiff, within their purview.

45. Defendants' actions were intentional, willful, and/or in reckless disregard of plaintiff's rights as secured by the law and Constitution.

46. These actions resulted in a loss to plaintiff of wages, benefits, humiliation, inconvenience, future pecuniary loss, and other consequential damages.

WHEREFORE, plaintiff prays for judgment in his favor and against defendants in an amount established at trial for all lost wages and benefits, compensatory damages, punitive damages against the individual defendant, reasonable fees and costs, reinstatement and, if not appropriate, frontpay, and such further relief as the court deems appropriate.

/s/Ferne P. Wolf
Sowers & Wolf, LLC
D. Eric Sowers
es@sowerswolf.com
Ferne P. Wolf
fw@sowerswolf.com
Joshua M. Pierson
jp@sowerswolf.com
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314 744-4010/314 744-4026 fax