IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PLEAS GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-1169-JPG-RJD |
| ST. CLAIR COUNTY, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 43) and Plaintiff's Motion to Extend Discovery and Dispositive Motion Deadlines (Doc. 44). For the following reasons, the motions are **DENIED**.

On October 26, 2017, Plaintiff filed a civil action against St. Clair County and Sheriff Richard Watson (collectively "Defendants') for employment discrimination. On January 26, 2018, a Scheduling and Discovery Order (Doc. 27) was entered adopting the Joint Report of Parties (Doc. 27-1). The deadline to file amended pleadings was April 9, 2018. The discovery deadline was September 19, 2018 and the dispositive motion deadline was October 24, 2018. On September 10, 2018, the parties filed a joint motion for extension of the discovery and dispositive motion deadline as well as the trial date (Doc. 35). The Court granted the parties an extension and set the discovery deadline as January 17, 2019 and the dispositive motion deadline as February 21, 2019 (Doc. 37). On January 18, 2019 during a status conference, counsel for Plaintiff first informed the Court that it might be necessary to amend the Complaint (Doc. 42).

On January 23, 2019, Plaintiff filed the Motion for Leave to Amend seeking to add one defendant and two new claims. Plaintiff seeks leave to add a claim under the Illinois Whistleblower Act and the Illinois common law of retaliatory discharge, as well as adding Scott Battoe as a defendant. Plaintiff alleges the information regarding the whistleblower and retaliatory discharge claims did not come to light until the deposition of Battoe on December 29, 2018, wherein he testified regarding the basis of his decision to recommend Plaintiff's termination. Plaintiff further alleges that he sought the information from Defendants in his First Interrogatories and the basis for the termination was not fully disclosed.

Defendants assert that the information regarding the basis for Plaintiff's termination was disclosed in their responses to Plaintiff's interrogatories, and that Plaintiff himself testified that he had knowledge of the incident to which Battoe testified. Defendants further argue Plaintiff's claims under the Whistleblower Protection Act and the Illinois common law are barred by the statute of limitations and are, therefore, futile. Defendants cite the Illinois Local Governmental and Governmental Employees Tort Immunity Act which established a one-year statute of limitation to bring a civil action against a local entity or employee. Plaintiff's dismissal occurred on October 30, 2015 and therefore Plaintiff is prohibited from bringing these claims after October 30, 2016.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d

468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An attempt to add new parties and claims shortly before dispositive motions are due can cause prejudice to the parties currently before the court. *Bowden v. Kirkland & Ellis LLP*, 432 F. App'x 596, 600 (7th Cir. 2011).

Plaintiff seeks leave to amend the complaint to add additional claims and an additional Defendant after the discovery deadline has passed. The Court finds allowing Plaintiff to amend to add new claims more than nine months after the deadline to amend and only weeks before dispositive motions are due would unduly delay disposition of the case by triggering another round of discovery and motions. Moreover, the Court finds that Defendants would be prejudiced by the addition of a new party. Finally, the addition of the claims under the Illinois Whistleblower Act and the Illinois common law of retaliatory discharge would be futile, as the claims are barred by the applicable statute of limitations. Plaintiff's motion to amend (Doc. 43) is **DENIED**.

Plaintiff's Motion to Extend Discovery and Dispositive Motion seeks an extension of 60 days after defendants file their answers to the First Amended Complaint in which to conduct further discovery regarding the proposed new claims. Plaintiff asks, if Plaintiff's motion for leave to amend is denied, to reopen discovery for enough time so that the parties can arrange for the deposition of Judge Cruse and for the Court to hear arguments regarding the attorney-client privilege asserted in the matter, and, if necessary, to take a supplemental deposition of Scott Battoe.

Defendants oppose Plaintiff's motion to re-open discovery arguing that over a month prior to the close of discovery St. Clair County specifically stated in supplemental interrogatory answers that "Judge Zina Cruse also requested that Mr. Griffin not be placed in her courtroom." Additionally, Defendants argue Plaintiff testified at his own deposition that he was aware Judge Cruse had asked that he not be placed in her courtroom. Defendants assert Plaintiff was aware that Judge Cruse had asked that Plaintiff not be in her courtroom and had the opportunity to depose Judge Cruse prior to the deadline, but chose not to.

Defendants also assert no additional discovery is needed to determine that counsel for Defendants represents Battoe in a limited capacity and that Plaintiff's counsel has a copy of the limited scope representation letter signed by Battoe. Defendants argue Plaintiff does not need to reopen discovery merely to confirm Battoe's representation and that conversations about Battoe's representation between himself and counsel, even prior to the official execution of the letter of representation, are subject to attorney-client privilege. Defendants argue Plaintiff's counsel had and took the opportunity to depose Battoe about his knowledge of Plaintiff's allegations and that there is no need to extend discovery.

Plaintiff's motion to re-open discovery is **DENIED**. Plaintiff had the opportunity to depose Judge Cruse prior to the discovery deadline but chose not to. Further, Plaintiff has failed to demonstrate why further discovery is needed regarding the limited representation of Mr. Battoe.

**IT IS SO ORDERED.**

**DATED: February 4, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**