IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PLEAS GRIFFIN,

    Plaintiff,

v.

ST. CLAIR COUNTY, ILLINOIS *et al.*,

    Defendants.

Case No. 3:17-cv-01169-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    In this case, plaintiff and former bailiff Pleas Griffin sued his old employer—St. Clair County, Illinois—for age and race discrimination, even though the undisputed facts showed that the County instead fired Griffin because of his unsatisfactory job performance: he was sexually harassing women who worked for the Domestic Violence Prevention Center and was banned from two courtrooms. (*See generally* ECF No. 59.) For that reason, the Court granted summary judgment to the defendants. (*Id.*)

    The defendants have now moved for attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) of Title VII and 42, U.S.C. § 1988(b)—arguing specifically that Griffin pursued groundless race discrimination claims. (ECF No. 63.) They are entitled to fees "if the Plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, (1978)); *see also Hughes v. Rowe*, 449 U.S. 5, 15 (1980). And there is no bad faith requirement—the action simply must have been meritless or without foundation. *Munson v. Milwaukee Bd. of Sch. Directors*, 969 F.2d 266, 269 (7th Cir. 1992) (quoting *Hughes,* 449 U.S. at 14) (internal citation omitted). That being said, the

1

fee request must be reasonable: you multiply the "number of hours reasonably expended on the litigation...by a reasonable hourly rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Here, the defendants have made an extremely reasonable request: instead of asking for fees from the entire litigation, they only ask for fees they incurred after the parties took Griffin's depositions on January 10 and 11, 2019. The defendants argue that once Griffin's attorneys took his deposition, they should have known that Griffin's position was frivolous and stopped pushing this suit—particularly because of this exchange:

> Defendants' Counsel: "So you believe you were discriminated against based on race because, according to you, no one of your age and second seniority was also terminated; is that correct?"
>
> Plaintiff: "Correct."
>
> Defendants' Counsel: "Is there any other reason that you believe you were discriminated against based on race?"
>
> Plaintiff: "No."

(ECF No. 55-9, 61:17-24). The defendants accordingly ask for $23,873.50 in fees. That reflects *only* the amount that select attorneys and paralegals spent when preparing (1) their motion for summary judgment, and (2) their response in opposition to Griffin's midnight-hour motion for leave to file an amended complaint.

The Court will grant the defendants' request. As an initial matter, this litigation was groundless—and the plaintiff continued to litigate it after it became apparent that the case was groundless at Griffin's deposition. *CRST Van Expedited, Inc.*, 136 S. Ct. at 1646. Griffin could not even carry his burden in this case to make a prima facie showing that he was performing his job at a satisfactory level. That was very clear given his conduct at the courthouse, and the Court

will not repeat all of those allegations again. (*See generally* ECF No. 59.)

Second, the defendants' request for fees is reasonable. They have provided affidavits outlining the hourly rates of the three attorneys and two paralegals assigned to this case, and those hourly rates are reasonable given the rates of this community and the subject matter of this case. (ECF Nos. 63-1, 63-2. 74-1.) And perhaps the biggest factor in favor of their reasonableness is the fact that the defendants tailored the fee request to only cover those hours expended *after* Griffin's deposition—when his attorneys learned that this action was baseless.

Finally, none of Griffin's arguments in response are persuasive. He first says that 42 U.S.C. § 2000e-5(k) only reaches race discrimination claims under Title VII, but there was an age discrimination claim in this case too—so there is no way to determine which hours the defense attorneys spent on the age claims and which hours were spent on the race claims. But the Seventh Circuit has already instructed that "where several claims arise out of a common factual core or are based on related legal theories, separating out the legal services rendered with respect to these overlapping claims would be an exercise in futility." *Munson v. Milwaukee Bd. Of School Directors*, 969 F.2d 266, 272 (7th Cir. 1992) (*quoting Zabkowicz v. West Bend Co., Div. of Dart Industries, Inc*., 789 F.2d 540, 551 (7th Cir. 1986). And here, all claims arose out of the exact same factual core—Griffin's employment as a bailiff with the County and subsequent firing—so trying to separate out the legal services with respect to age or race would be futile.

Griffin also says that a jury could draw reasonable inferences from any admitted evidence here, so it is not appropriate to find that his case was futile from his deposition testimony. To the contrary, the Court here has already found that no reasonable jury could find that Griffin was performing his job at a satisfactory level—and he does not even dispute the allegations surrounding his conduct towards the Domestic Violence Prevention Center's victim advocates.

(ECF No. 59.) There is nothing more to add.

Finally, Griffin objects to the defendants' bill of costs. (ECF Nos. 64, 66.) He says that the defendants cannot requests fees for both stenographic and video transcripts because 28 U.S.C. 1920(2) allows the Clerk to tax "[f]ees for printed **or** electronically recorded transcripts necessarily obtained for use in the case." (emphasis added). This District has already rejected that argument: prevailing parties can recover for the costs of both stenographic and video transcripts if both were reasonably necessary for the preparation of the case. *Hallihan v. Progressive Direct Ins. Co.*, No. 3:15-CV-01068-NJR-SCW, 2016 WL 7404445, at *2 (S.D. Ill. Dec. 22, 2016) (citing *Little v. Mitsubishi Motors N.Am., Inc.*, 514 F.3d 699 (7th Cir. 2008). Here, the parties took a video deposition of Griffin in addition to the stenographic deposition because of concerns that Griffin's serious health issues could lead to him not being able to testify at or even attend a trial. (ECF No. 73, p. 2.) That is reasonable.

For those reasons, the Court **GRANTS** the defendants' motion for attorney's fees (ECF No. 63), **AWARDS** attorney's fees to the defendants in the amount of $23,873.50, **OVERRULES** the plaintiff's objection to the defendants' bill of costs (ECF No. 66), and **DIRECTS** the Clerk of Court to tax costs against the plaintiff in the amount of $2,932.20.

**IT IS SO ORDERED.**

**DATED: AUGUST 8, 2019**

s/ *J. Phil Gilbert*
J. PHIL GILBERT
U.S. DISTRICT JUDGE
